INHABITANTS OF LEWISTON *versus* INHABITANTS OF AUBURN.

If a special Act, passed since the adoption of the Revised Statutes, and dividing one town into two or more towns, contain provisions at variance from those of the Revised Statutes, relating to the duty of supporting paupers, *as between such towns*, the provisions of the Revised Statutes must yield to the later enactment.

By the special Act of Feb'y 24, 1842, incorporating the town of Auburn, the town of Minot is bound to maintain persons, becoming chargeable after that day, who had then gained a residence in Minot, by residing on that part of it, which was not incorporated into the town of Auburn, although such persons were at the incorporation of Auburn, residing on the territory incorporated into the new town.

ONE Slater and his wife had gained a residence in the town of Minot, by having resided in the western part of that town more than five years. They then removed to a lot of land in the easterly part of the town, where they resided on the 24th of February, 1842, upon which day, the eastern part of Minot, including the lot on which Slater and wife lived, was incorporated, by an Act of the Legislature, into the town of Auburn. The second section of that Act provided that "all persons, who may hereafter become chargeable as paupers, shall be considered as belonging to that town, on whose territory they may have gained a legal settlement, and shall be supported by the same." After the incorporation of Auburn, Slater and wife fell into distress in Lewiston, by which town they were furnished with needful supplies. This action is brought to recover for the supplies, so furnished. The case was submitted to the consideration of the court.

*J. O. L. Foster*, for the plaintiffs.

The paupers had gained a settlement in Minot, before Au-

burn was incorporated out of it, and "dwelt and had their homes within the bounds of 'Auburn,' at the time of its incorporation."

The statute provides that, "when any new town shall be incorporated, composed of a part of *one* or more old incorporated towns, every person legally settled in any town of which such new town is so composed, or who has begun to acquire a settlement therein, and who shall actually dwell and have his home within the bounds of such new town, at the time of its incorporation, shall have the *same* rights in relation to settlement, whether incipient or absolute, as he would otherwise have had in the old town where he dwelt. R. S. chap. 32, sect. 1. *Fourth mode* of gaining a settlement."

The case finds : —

1st. That Auburn was incorporated out of Minot.

2d. That the paupers were legally settled in Minot.

3d. That they actually dwelt and had their homes within the bounds of *Auburn* at the time of its incorporation.

Having by the statute the *same* rights in the new town that they had in the old one, it follows that their "legal settlement" is in Auburn. *Brewster* v. *Harwick,* 4 Mass. 278; *West Springfield* v. *Granville, ibid.* 486 ; *Windham* v. *Portland, ibid.* 385 ; *Westport* v. *Dartmouth,* 10 Mass. 391.

*J. Goodenow,* for the defendants.

Howard, J. — It is admitted that, upon the division of the territory of the town of Minot, and the incorporation of a portion of it, into the town of Auburn, on February 24, 1842, the paupers in question had their legal settlement in that portion remaining within the town of Minot ; and that they "dwelt and had their home" within the limits of Auburn, at the time of its incorporation.

By the provisions of the Revised Statutes, 1841, chap. 32, sect. 1, mode fourth, the paupers would have acquired a legal settlement in Auburn ; but the Act of incorporation provided that "all persons who may hereafter become chargeable as

paupers, shall be considered as belonging to that town, on whose territory they may have gained a legal settlement, and shall be supported by the same." This act, being subsequent, controlled the provisions of the Revised Statutes, on the subjects to which it refers, and fixed the settlement of the paupers in Minot, as it was constituted when the Act took effect, and where a legal settlement had been previously gained.

There is no evidence in the case, tending to show that the paupers had acquired a legal settlement in Auburn, after it was incorporated, and the action cannot be maintained against that town.                    *Plaintiffs nonsuit.*